IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**J.S. and A.S., as guardians of their minor daughter, JANE DOE,**[1]

    Plaintiffs,

v

Case No. 25-cv-11630
Hon.

**United Behavioral Health and UnitedHealthcare Insurance Company,**

    Defendants.

---

**TAFT STETTINIUS & HOLLISTER LLP**
Christopher J. Ryan (P74053)
27777 Franklin Road, Ste 2500
Southfield, MI 48034
248-727-1553
cryan@taftlaw.com
*Attorneys for Plaintiffs*

---

## COMPLAINT

NOW COME Plaintiffs by and through counsel, TAFT, STETTINIUS & HOLLISTER, LLP, and for their Complaint against Defendants, state:

## INTRODUCTION

1. This case is about Defendants' wrongful denial of mental health coverage for a vulnerable 16-year-old girl who desperately needs it.

2. Jane Doe suffers from multiple serious mental health conditions, including PTSD, Bipolar Disorder, and substance use disorder, and has attempted suicide at least three times. She

---

[1] With the filing of this Complaint, Plaintiffs are filing an *ex parte* motion for protective order seeking permission to proceed under pseudonyms.



is currently receiving life-saving care at Stillwater Academy, a residential treatment facility in Utah where she also attends school.

3. Defendants denied coverage for Jane Doe's treatment, claiming Stillwater is outside her service area because Utah does not border Michigan. But Defendants ignored the plain language of the Plan, which specifically covers treatment in states where a student attends school during the school year. Since Jane Doe attends school at Stillwater, the facility falls squarely within her covered service area under the terms of the Plan.

4. This case is not about coverage limits or medical necessity—not even Defendants take the position that the services are unnecessary. Instead, this case is about one of the nation's most powerful insurance companies abandoning a vulnerable teenage girl and her family by misreading the Plan to wrongly deny coverage. To ensure Jane Doe receives the intensive care she needs to survive and recover, her family is being forced to wrestle mounting exorbitant bills that should be covered under the Plan. Defendants must honor the plain language of the Plan, and pay for the treatment Jane Doe requires.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff J.S. is Jane Doe's father, and Plaintiff A.S. is Jane Doe's mother. Jane Doe is a minor child.

6. J.S. is a participant in the Anderson Enterprises, Inc. Welfare Benefit Plan (the "Plan") and Jane Doe is a beneficiary in the Plan.

7. The Plan is a fully insured employee welfare benefits plan under ERISA, 29 U.S.C. § 1001 et seq.

8. Defendant UnitedHealthcare Insurance Company ("UnitedHealthcare") is headquartered in Minnesota and was the insurer, claims administrator, and fiduciary under ERISA for the Plan.

9. Defendant United Behavioral Health ("UBH") is the behavioral health unit of UnitedHealthcare and was responsible for making benefit coverage determinations for mental health and substance use disorder services provided by the Plan.

10. Jurisdiction is proper under 29 U.S.C. § 1132(e) & (f).

11. Venue is proper under 29 U.S.C. §1132(e)(2). Among other things, J.S. and A.S. reside in Livingston County, which is in the Eastern District of Michigan. Defendants do business in this District, and Defendants' failure to pay benefits and breaches occurred in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Jane Doe is a 16 year old female. She was adopted at birth by J.S. and A.S., and for the majority of her life has resided with them in Livingston County, Michigan.

13. Jane Doe's medical records reflect that her birth mother did not receive pre-natal care, and it was suspected that she consumed substances during pregnancy.

14. Jane Doe has struggled socially for the majority of her life. This started in early elementary school. She started seeing a school based therapist in 5th grade. Social anxiety emerged in middle school, and Jane Doe began struggling with substance use disorder.

15. Jane Doe has received special education services under an IEP since at last the 6th grade.

16. In high school, Jane Doe frequently missed school and had multiple suspensions related to substance abuse. At one point, she was at risk of expulsion from school due to substance abuse. She was allowed to continue in school because it was felt that her mental health was impacting her decisions. She received occupational and psychotherapy, as well as behavioral interventions and specialized instruction, during her time in school.

17. At various times throughout 2022-2024, Jane Doe's grades began to slip and she received additional suspensions. She attempted suicide three times and engaged in other self-injurious behavior including cutting on her arms and thighs.

18. Jane Doe spent several months at Turnbridge, a residential facility for all girls in Connecticut. When she came home, she was enrolled into a partial hospitalization program, but relapsed. In 2024, she was again suspended for substances and was in jeopardy of being expelled.

19. In September 2024, Jane Doe was admitted to a psychiatric inpatient unit. During this time, she had insurance through Blue Cross Blue Shield.

20. On October 1, 2024, Jane Doe's insurance switched, and she became a beneficiary of the Plan.

21. On October 2, 2024, Jane Doe was enrolled at Youth Care in Utah for residential treatment.

22. In early February, 2025, with just a few days' notice, Plaintiffs were notified that Defendants would no longer cover treatment at Youth Care.

23. On February 10, 2025, Jane Doe enrolled in Stillwater Academy ("Stillwater") in Utah.

24. Stillwater is a residential treatment center that is equipped with 24/7 therapeutic and medical support necessary to serve Jane Doe's current diagnoses, which include Post Traumatic Stress Disorder (PTSD), Attention-Deficit/Hyperactivity Disorder (ADHD), Generalized Anxiety Disorder (GAD), Bipolar Disorder, and Cannabis Use Disorder.

25. Jane Doe's complex and interconnected mental health challenges impact her ability to function independently and maintain stability.

26. Jane Doe shows difficulties with emotional regulation, interpersonal relationships, and executive functioning.

27. Jane Doe's history of trauma and attachment issues further complicate her recovery process, making consistent, specialized care essential.

28. Stillwater is perfectly equipped to handle Jane Doe's needs.

29. Stillwater provides 24/7 support, ensuring that she receives immediate and ongoing assistance for her therapeutic and medical challenges.

30. Residential treatment is vital for addressing Jane Doe's needs and promoting sustainable healing.

31. Jane Doe is currently in the 11th grade and is enrolled in school at Stillwater.

32. On February 14, 2025, Defendants issued a letter refusing to pay for services provided by Stillwater, claiming that services at Stillwater were not covered because Stillwater is "outside of your service area."

33. Defendants also claimed that the Plan only covered services in states bordering Michigan, and that Utah (where Stillwater is located) does not border Michigan.

34. Under the Plan, residential treatment facilities are generally only covered within the Covered Person's state of residence, plus any geographically bordering adjacent state. However, that same paragraph states that for a Covered Person who is a student, the state of residence includes the state they attend school during the school year:

> Health care services from an out-of-Network provider for non-emergent, sub-acute inpatient, or outpatient services at any of the following non-Hospital facilities: Alternate Facility, Freestanding Facility, Residential Treatment Facility, Inpatient Rehabilitation Facility, and Skilled Nursing Facility received outside of the Covered Person's state of residence. <u>For the purpose of this exclusion the "state of residence" is the state where the Covered Person is a legal resident, plus any geographically bordering adjacent state or, for a Covered Person who is a student,</u>

the state where they attend school during the school year. This exclusion does not apply in the case of an Emergency or if authorization has been obtained in advance.

35. As indicated above, Jane Doe is a student in the 11th grade, and attends school at Stillwater. Stillwater is therefore within Jane Doe's "state of residence" as defined by the Plan and is thus inside Jane Doe's service area.

36. On April 8, 2025, Plaintiffs appealed the coverage denial.

37. On April 22, 2025, Defendants denied the appeal.

38. Once again, the basis for Defendants' denial was their erroneous conclusion that Stillwater was "outside [the] service area."

39. The April 22, 2025 denial stated that it represented Defendants' Final Adverse Determination.

## COUNT I: FAILURE TO PAY BENEFITS
## (29 U.S.C. § 1132(a)(1)(B))

40. Plaintiffs incorporate the above paragraphs as though fully set forth below.

41. ERISA permits participants and beneficiaries to recover benefits due under the terms of a plan, to enforce rights under the terms of a plan, and to clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).

42. Defendants, as fiduciaries under the Plan, were required to discharge their duties solely in the interests of the participants and beneficiaries, and for the exclusive purpose of providing benefits to participants and beneficiaries.

43. Defendants failed to provide coverage in accordance with the terms of the Plan when they denied and continue to deny coverage for Jane Doe's treatment at Stillwater.

44. Specifically, Defendants claim that the Plan does not cover treatment at Stillwater because Stillwater is outside Jane Doe's state of residence. But Defendants ignore the fact that the

Plan covers treatment at facilities located in a state within which a beneficiary attends school during the school year.

45. Defendants also failed to afford Plaintiffs with due process including by failing to consider the fact that Jane Doe is attending school at Stillwater.

46. Defendants breached their fiduciary duties as set forth herein, and failed to provide benefits due under the Plan.

### RELIEF REQUESTED

Plaintiffs seek the following relief:

A. Judgment in the amount of the cost of Jane Doe's treatment at Stillwater Academy pursuant to 29 U.S.C. § 1132(a)(1)(B);

B. Equitable relief enjoining Defendants from further denials of Jane Doe's treatment at Stillwater Academy pursuant to 29 U.S.C. § 1132(a)(3);

C. Reasonable attorney fees and costs pursuant 29 U.S.C. § 1132(g);

D. Such further relief as the Court deems just and equitable.

**TAFT, STETTINIUS & HOLLISTER, LLP**

Dated: June 2, 2025   By:   */s/Christopher J. Ryan*
Christopher J. Ryan (P74053)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 727-1553
cryan@taftlaw.com
*Attorneys for Plaintiffs*

