IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**J.S. and A.S., as guardians of their minor daughter, JANE DOE,**

Plaintiffs,

v

**United Behavioral Health and UnitedHealthcare Insurance Company,**

Defendants.

Case No. 2:25-cv-11630-FKB-DRG
Hon. F. Kay Behm
Mag. Judge David R. Grand

---

**STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the Court's authority, and on stipulation of the parties,

**IT IS HEREBY ORDERED** that any party or non-party (the "producing party") may designate information, documents, or things as "Confidential" or "Confidential Protected Health Information" under the following terms and conditions:

1. Any document, information, or thing may be designated "Confidential" if the producing party determines in good faith that it (a) contains confidential, competitively sensitive, or proprietary information that is not readily ascertainable through lawful means by the public, (b) that if disclosed publicly would likely cause

oppression, competitive disadvantage, infringement of privacy rights established by statute or regulation, or infringement of confidentiality requirements established by statute or regulation, (c) is or contains information subject to a confidentiality agreement, or (d) that if used for purposes other than those authorized by this Order could cause oppression or competitive disadvantage.

2. Any document, information, or thing may be designated "Confidential Protected Health Information" if the producing party determines in good faith that it contains Protected Health Information ("PHI") as defined under HIPAA and the Federal Regulations enacted pursuant to HIPAA, that qualify for protection under Fed. R. Civ. P. 26(c) or HIPAA and its enabling regulations.

3. A producing party may designate any document or other tangible information or thing as "Confidential," or "Confidential Protected Health Information" by conspicuously stamping or appending the appropriate designation. In the case of a paper document, a producing party may so mark the first page of a multipage document or each applicable page. In the case of an electronic document, a producing party may append to that document the appropriate designation that does not alter the metadata associated with the document, or may place the appropriate designation mark "CONFIDENTIAL" or "CONFIDENTIAL PROTECTED

HEALTH INFORMATION" in the file name or on the outside of the medium (whether disc, hard drive, etc.) containing the document.

4. A copy of this protective order shall be served with any subpoena seeking documents or information from a non-party.

5. A non-producing party may also designate any document, information, or things produced during the course of this proceeding as "Confidential" or "Confidential Protected Health Information" as if it were a producing party. The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated.

6. A producing party may designate documents, information, or things disclosed at a deposition as "Confidential" or "Confidential Protected Health Information" on the record during the deposition. All transcripts of testimony so designated on the record will remain "Confidential" or "Confidential Protected Health Information" only for a period of 30 days unless, within such 30 days, the designating party or another party notifies all other parties in writing of the specific pages and lines so designated as "Confidential" or "Confidential Protected Health Information."

A. If a producing party designates such materials as "Confidential" or "Confidential Protected Health Information" on the record, the court

reporter shall indicate on the cover page that the transcript includes "Confidential" information or "Confidential Protected Health Information."

B. During the period in which such "Confidential" information or "Confidential Protected Health Information" is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under Paragraph 12 below, shall be excluded from that portion of the deposition.

C. A non-producing party may designate documents, information, or things disclosed at a deposition as "Confidential" or "Confidential Protected Health Information" in the same manner as a producing party.

7. If a party producing documents inadvertently fails to mark a document as "Confidential" or "Confidential Protected Health Information" for which it desires such treatment, it shall so inform the party receiving the documents forthwith, but in no event later than thirty (30) days following discovery of the inadvertent disclosure. The receiving party thereupon shall return the unmarked documents to the producing party and the producing party shall substitute properly marked documents.

8. The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery

material was designated as “Confidential” or “Confidential Protected Health Information” shall not be deemed a waiver in whole or in part of the producing party’s claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent or unintentional disclosure notifies the receiving parties forthwith, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure. If discovery material has been disclosed and is subsequently designated as “Confidential” or “Confidential Protected Health Information,” the disclosing party shall make good faith efforts to preserve the Confidential nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

9. If a producing party, at the time of disclosure, inadvertently fails to identify as “Confidential” or “Confidential Protected Health Information” any discovery material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such treatment, and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the producing party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

10. Should any party object to a designation of any information, documents, or things as "Confidential" or "Confidential Protected Health Information" the parties shall meet and confer in a good-faith attempt to reach an agreement regarding the status of the information, documents, or things. If an objection is not thereby resolved, a party may bring the dispute before the Court for a determination. The party claiming the "Confidential" or "Confidential Protected Health Information" designation shall have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Stipulated Protective Order. Until the Court makes such determination, all material designated as "Confidential" or "Confidential Protected Health Information" shall be treated as such.

11. All information, documents, or things produced, exchanged, or inspected in the course of this proceeding, to the extent designated "Confidential" or "Confidential Protected Health Information," shall be used solely for the purposes of this proceeding.

12. Subject to Paragraph 14, all documents, information, or things designated as "Confidential" or "Confidential Protected Health Information" shall be made available only to the Court's staff and to counsel for the parties (including

the paralegal, clerical, and secretarial staff employed by such counsel in connection with this case) and the following persons:

A. The parties and those agents and employees that are directly involved in the prosecution or defense of this matter;

B. experts or consultants (together with their clerical staff) retained or otherwise utilized by the respective parties to assist in this case;

C. any court reporter employed in this case;

D. a witness at any deposition, trial, or other evidentiary proceeding in this case in connection with their testimony in the lawsuit;

E. a potential witness in connection with their testimony in the lawsuit;

F. any other person with the written consent of the parties (and any affected non-party producing party) or upon order of the Court; and

G. any Court-appointed facilitator or any other mediator/facilitator agreed to by the parties to facilitate any potential resolution of this case.

13. Materials designated as "Confidential" or "Confidential Protected Health Information" shall not be made available to persons other than those authorized in Paragraph 12 above—even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, discovery responses, or

affidavits. The "Confidential" information or "Confidential Protected Health Information" must be removed before the remaining materials may be made available to those other persons.

14. Materials designated as "Confidential" or "Confidential Protected Health Information" shall not be disclosed by the non-producing party to a former employee, to a witness at any deposition or other proceeding, to a potential witness, or to a testifying or non-testifying expert or consultant under Paragraph 12, or to any other person whom was given consent, unless and until such person has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as Exhibit A. Current employees of the parties are not required to execute a copy of the Confidentiality Agreement, but must be advised regarding the provisions of this Protective Order.

15. Counsel shall maintain files containing materials designated as "Confidential" or "Confidential Protected Health Information" in a secure format and/or location. This provision shall not prevent use of an ESI vendor or host who restricts access to those persons permitted to review "Confidential" or "Confidential Protected Health Information" materials as set forth in this Order.

16. No documents, information, or things designated as "Confidential" or "Confidential Protected Health Information," including that contained in pleadings,

motions, briefs, declarations, or exhibits shall be filed with the Court unless filed under seal pursuant to E.D. Mich. LR 5.3. Subject to other orders entered by the Court, and provided that no "Confidential" information or "Confidential Protected Health Information" is disclosed, the parties may generally refer to documents designated as "Confidential" or "Confidential Protected Health Information" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without filing such pleadings, motions, briefs, affidavits, or exhibits under seal.

17. Nothing in this Order shall preclude any party or their attorneys from:

A. Showing materials designated as "Confidential" or "Confidential Protected Health Information" to an individual who either prepared or reviewed the document, or is shown by the document to have received the document.

B. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential" or "Confidential Protected Health Information."

C. Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter. But if a party intends to use or offer into evidence at such trial any materials designated as

"Confidential" or "Confidential Protected Health Information," that party must, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance (and in no event later than the date to designate trial exhibits) to allow the producing party to take such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents.

D. Redacting irrelevant information from documents produced in accordance with the discovery process, including information that is irrelevant to this action and would provide the opposing party with a business advantage over the producing party if it is produced. Nothing in this sub-section limits the opposing party from challenging such redactions before this Court.

E. Objecting to production of documents or other information on the basis that the information is confidential or subject to a confidentiality obligation to a non-party.

18. If a party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "Confidential" or "Confidential Protected Health Information" by another party, counsel for that party shall immediately give counsel for the designating party

written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

19. The parties, by and through their respective counsel, have mutually agreed that a protective order that meets the requirements of a "qualified protective order," as that term is defined by 45 C.F.R. § 164.512(e)(1)(v), is necessary and mutually agree to remain in full compliance with any privacy requirements imposed by regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 (45 C.F.R. § 164) ("HIPAA").

20. Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "Confidential" shall be destroyed at the request of the opposing party; provided however, counsel for the parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, in addition to materials designated as "Confidential" in a secure location—subject to any applicable Statute of Limitations. Upon request, counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been destroyed, other than as indicated in this paragraph. Notwithstanding anything else in this paragraph, any materials designated as

"Confidential Protected Health Information" shall be returned or destroyed at the conclusion of this litigation. Materials designated as "Confidential" or "Confidential Protected Health Information" that are in the custody of the Court are excepted from the terms of this paragraph.

21. If information or materials are inadvertently produced that are subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered, in accordance with ABA Rules of Professional Conduct Formal Opinion 92-368 (1992). Any other inadvertently produced privileged materials shall be promptly returned upon the request of the producing party.

22. The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on use of materials designated as "Confidential" or "Confidential Protected Health

Information" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

23. Nothing in this Order amends, modifies, or supersedes the Court's June 2, 2025 Order Granting *Ex Parte* Motion for Protective Order to Proceed Under Pseudonyms.

Dated: July 30, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge

*I stipulate to entry of the above order*:

/s/Christopher J. Ryan
Attorney for Plaintiffs

/s/Aaron Schaer
Attorney for Defendants

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

I,__________________, state that:

1. My address is __________________________________________________.

2. I have received a copy of the Stipulated Protective Order in the case of *J.S. and A.S., as guardians of their minor daughter, Jane Doe v. United Behavioral Health and UnitedHealthcare Insurance Company,* United States Federal Court for the Eastern District of Michigan, Case No. 2:25-cv-11630-FKB-DRG.

3. I submit to the jurisdiction of the Eastern District of Michigan for purposes of enforcement of the Stipulated Protective Order.

4. I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

I declare under the penalties of perjury that this document has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

Dated: ________________________________
Name: